IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LAURA JOHNSON-PRICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION No:2:07cv568-MHT |
| ) | |
| STATE OF ALABAMA PERSONNEL ) | DEMAND FOR JURY TRIAL |
| DEPARTMENT and its Director, ) | |
| Jackie Graham; STATE OF ALABAMA ) | |
| DEPARTMENT OF HUMAN SERVICES ) | |
| and its Commissioner, Page B. Walley, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**FIRST AMENDED COMPLAINT**

The Plaintiff, Laura Johnson-Price (now known as Laura Clemons, but referred to herein as Laura Johnson-Price), pursuant to this Court's Order [Doc.5] hereby amends and restates her Complaint against the Defendants, as follows:

**I.   JURISDICTION**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(4), 2201

and 2202, 42 U.S.C. §2000e et seq., and 42 U.S.C. §1983.  This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991," 42 U.S.C. §1981, and 42 U.S.C. §1983.  The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. §2000e et seq., 42 U.S.C. §§1981 and 1983, and the "Civil Rights Act of 1991" providing for

injunctive and other relief against race discrimination.

    2.    The Plaintiff has fulfilled all conditions precedent to the institution of this action under Title

VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991," 42 U.S.C. §2000e, et. seq., 42 U.S.C. §1981, and 42 U.S.C. §1983.

## II.    PARTIES

    3.    Plaintiff, Laura Johnson-Price, is an African-American citizen of the United States and a

resident of the State of Alabama.

    4.    Defendant, State of Alabama Personnel Department and its Director, Jackie Graham, in

her official capacity as an agent, is an agency of the State of Alabama and an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§1981 and 1983. The defendant employs at least fifteen (15) persons.

    5.    Defendant, State of Alabama Department of Human Services ("the Department"), and its

Commissioner, Page B. Walley in his official capacity as an agent, is an agency of the State of Alabama and an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§ 1981 and 1983. The defendant employs at least fifteen (15) persons.

**III.    FACTUAL ALLEGATIONS**

6. Plaintiff graduated with honors, *cum laude,* in 1976 from the University of Alabama after majoring in Social Work.

7. Plaintiff obtained her Masters in Social Work from the University of Alabama in 1978, after serving an internship with the Department of Human Resources.

8. Plaintiff began working for the Alabama Department of Human Services on June 14, 1978.

9. Part of Plaintiff's duties was placement of foster children.

10. In July 1990, the Plaintiff filed an EEOC charge.

11. The EEOC charge alleged that on June 27, 1990, the Plaintiff was told by a white supervisor that she needed to find a white foster family instead of a black foster family to place a white foster child.

12. Plaintiff's EEOC charge further alleged that she wrote a memorandum to the management staff requesting an interpretation of the Department of Human Service's guidelines on foster care and afterwards her supervisor informed her that if she could not do the job, she could be replaced.

13. Thereafter, the Plaintiff was reassigned to another unit.

14. Her EEOC charge alleged that white employees who had placed black children into white

homes were not disciplined or transferred for performing their duties.

15. On or about April 17, 1991, a Negotiated Settlement Agreement on the Plaintiff's EEOC charge was entered into between the Plaintiff and the Department of Human Resources.

16. Under the terms of the Negotiated Settlement Agreement, the Plaintiff would be transferred back to her former position of supervising intake, P & C Homemakers, Day Care and Resources.

17. Additionally, pursuant to the Negotiated Settlement Agreement, the Plaintiff was not to be retaliated against for filing the EEOC Charge and was to be evaluated based solely on job performance and under the same terms and conditions of employment as provided to all other employees.

18. The Assistant Director (County Welfare Director II) position in Calhoun County became vacant on April 5, 1993, when Patricia Kettles transferred to Etowah County.

19. On April 6, 1994, a year after the position was still vacant, the Plaintiff sent a letter to Erin Snowden, the Calhoun County Director, requesting the County Welfare Director I or II position(s) in Calhoun County.

20. Snowden did not fill the position.

21. On June 23, 1994, the Plaintiff filed an EEOC charge, Charge No. 130942577.

22. On August 10, 1994, the Plaintiff amended her EEOC charge.

23. On August 11, 1994, Mike Galloway, Regional Manager, sent a letter to Erin Snowden stating that the posting notice for the Calhoun county Assistant Director positions was being distributed that week.

24. On December 15, 1994, Snowden signed a provisional appointment form to appoint the Plaintiff as Assistant Director effective January 7, 1995.

25. In December 1995, the Plaintiff, in response to conduct by Snowden and various others, complained to Sylvester Smith, Director of Civil Rights/Equal Employment of the Department of Human Resources, that she was being discriminated and retaliated against by Snowden as well as others.

26. On October 4, 1996, a determination was issued by Sylvester Smith concerning the Plaintiff's internal complaints of retaliation and discrimination.

27. That determination found that the Calhoun County Director, Erin Snowden, retaliated against the Plaintiff in the following manner: 1) coercive questioning; 2) retaliatory work assignments; 3) discriminatory job performance evaluation; 4) retaliatory (verbal) reprimands, 5) threats to take adverse employment action based on manufacturing a cause; 6) failing to provide to the Plaintiff with a non-hostile working environment; and 7) retaliatory usurping of the complainant's job authority.

28. That determination also found that the Calhoun County Department of Human Resources

Board knew or should have known of the retaliatory actions taken against the Plaintiff by Snowden and failed to perform its duty to take steps reasonably calculated to eliminate and remedy the effects of the discriminatory retaliatory treatment.

29. That determination further found that a member of the Calhoun County Department of Human Resources Board had acted in concert with Snowden by threatening to take adverse employment actions against the Plaintiff unless she completed the retaliatory work assignments and that the Board member participated in a meeting where the Plaintiff was questioned coercively.

30. On November 15, 1996, the Plaintiff filled out and sent an Application for Examination for the Regional Manager position.

31. The position was not filled.

32. In May 1997, the Plaintiff applied for the County Human Resources Director I, II, III, and IV positions by mailing in her applications for each of those positions in the same envelope.

33. Plaintiff took the examination for those positions which was the same examination for each of those positions.

34. Plaintiff was notified of the examination results for County Human Resources Director I, II, III, but did not receive notification of the results for County Human Resources Director IV.

35. Plaintiff wrote on May 23, 1997, to Bill Summerlin, Personal Analyst at the State

6

Personnel Department, about why she had not received her score and was not on the register for County Human Resources Director IV.

36. Summerlin informed her that the reason she was not placed on the register was that her application was received after the cutoff date for the testing cycle.

37. When Plaintiff took the examination for those positions, so did Tony Black, white.

38. The position was awarded to Tony Black in Calhoun County.

39. Plaintiff applied for County Director and was interviewed in Pickens, Blount and St. Clair counties.

40. Each of the positions were filled with a white person.

41. Snowden retired effective September 1, 1996 from her position as County Director of Calhoun County.

42. Plaintiff was on the register for Snowden's position.

43. On information and belief, there was a delay in pulling the register for the position.

44. The vacancy was not filled until September 28, 1998, more than two years after the vacancy, when Plaintiff was selected.

**IV.  CAUSES OF ACTION**

### COUNT I

**RACE DISCRIMINATION IN PROMOTION,
PAY, AND TERMS AND CONDITIONS PURSUANT TO
42 U.S.C. § 1981, BY AND THROUGH 42 U.S.C. § 1983**

## AGAINST THE STATE OF ALABAMA DEPARTMENT OF
## HUMAN SERVICES AND ITS COMMISSIONER, PAGE B. WALLEY

45. Plaintiff re-alleges and incorporates by reference paragraphs 1-44 with the same force and effect as if fully set out in specific detail hereinbelow.

46. This claim is brought against the Defendant Alabama Department of Human Services and its Commissioner, Page B. Walley, in his official capacity.

47. There was a delay in filling the Assistant Director position because of the Plaintiff's race and/or due to her prior protected activity.

48. The Plaintiff timely applied for and should have been on the register for the County Director IV position.

49. After Plaintiff brought it to the attention of the State Personnel Department (which acts as an agent of the Alabama Department of Human Services in processing applications and providing registers) that she had timely applied and should have been on the register, she was not put on the register until after a vacancy was filled by Tony Black.

50. After Erin Snowden retired, the delay in filling the position Snowden had held, Calhoun County Director, was due to the Plaintiff's race and/or in retaliation for engaging in prior protected activity.

51. The Alabama Department of Human Services had an obligation to prevent the Calhoun County Department of Human Resources Board from discrimination against the Plaintiff because of her race or retaliating against her for engaging in prior protected activity.

52. The Plaintiff's terms and conditions were different than those of white employees and those who did not engage in protected activities.

53. Plaintiff was subjected to a hostile working environment due to her race and/or in retaliation for having engaged in protected activities.

54. The Plaintiff was discriminated against because of her race in violation of 42 U.S.C. § 1981, by and through 42 U.S.C. § 1983, and/or in retaliation in promotions and in her terms, conditions, and privileges of employment.

55. As a consequence, Plaintiff did not receive promotions, lost wages, was damaged and suffered severe emotional distress, embarrassment and humiliation.

56. Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, and an injunction and declaratory judgment are her only means of securing adequate relief.

57. Plaintiff is now suffering and will continue to suffer irreparable injury from the defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

# COUNT II

### RACE DISCRIMINATION IN JOB CLASSIFICATION, PAY, AND TERMS AND CONDITIONS PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT, 42 U.S.C. § 2000(e) et seq. AGAINST THE STATE OF ALABAMA DEPARTMENT OF HUMAN SERVICES.

58. The Plaintiff re-alleges and incorporates by reference paragraphs 1-57 with the same force and effect as if fully set out in specific detail hereinbelow.

59. This claim is brought against the Defendant Alabama Department of Human Services.

60. The Plaintiff was discriminated against because of her race and/or in retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq., in promotions and in her terms, conditions, and privileges of employment.

61. As a consequence, Plaintiff did not receive promotions, lost wages, was damaged and suffered severe emotional distress, embarrassment and humiliation.

62. Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, and an injunctive and declaratory judgment are her only means of securing adequate relief.

63. Plaintiff is now suffering and will continue to suffer irreparable injury from the defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

# COUNT III

## RACE DISCRIMINATION IN PROMOTIONS PURSUANT TO 42 U.S.C. § 1981, BY AND THROUGH 42 U.S.C. § 1983, AGAINST THE STATE OF ALABAMA PERSONNEL DEPARTMENT AND ITS DIRECTOR, JACKIE GRAHAM

64. Plaintiff re-alleges and incorporates by reference paragraphs 1-63 with the same force and effect as if fully set out in specific detail hereinbelow.

65. This claim is brought against the Defendant State of Alabama Personnel Department and its Director, Jackie Graham, in her official capacity.

66. The Plaintiff was discriminated against because of her race in violation of 42 U.S.C. § 1981, by and through 42 U.S.C. § 1983, and/or retaliation in promotions and in her terms, conditions, and privileges of employment.

67. As a consequence, Plaintiff did not receive promotions, lost wages, was damaged and suffered severe emotional distress, embarrassment and humiliation.

68. Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, and an injunction and declaratory judgment and her only means of securing adequate relief.

69. Plaintiff is now suffering and will continue to suffer irreparable injury from the defendants'

unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT IV

### RACE DISCRIMINATION IN PROMOTIONS PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT, 42 U.S.C. § 2000(e) et seq. AGAINST THE STATE OF ALABAMA PERSONNEL DEPARTMENT

70.     The Plaintiff re-alleges and incorporates by reference paragraphs 1- 69 with the same force and effect as if fully set out in specific detail hereinbelow.

71.     This claim is brought against the defendant State of Alabama Personnel Department.

72.     The Plaintiff was discriminated against because of her race or in retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq., in promotions and in her terms, conditions, and privileges of employment.

73.     As a consequence, Plaintiff did not receive promotions, lost wages, was damaged and suffered severe emotional distress, embarrassment and humiliation.

74.     Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, and an injunctive and declaratory judgment are her only means of securing adequate relief.

75.     Plaintiff is now suffering and will continue to suffer irreparable injury from the defendants unlawful policies and practices as set forth herein unless enjoined by this Court.

**V.     PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this

action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendants are violative of the rights of the Plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991", 42 U.S.C. §2000e et seq., 42 U.S.C. §1981 and 42 U.S.C. §1983.

2. Grant Plaintiff a permanent injunction enjoining the defendants, their agents, successors, employees, attorneys and those acting in concert with the defendants and at the defendants' request from continuing to violate Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991", 42 U.S.C. §2000e et seq., 42 U.S.C. §1981 and 42 U.S.C. §1983.

3. Enter an order requiring the defendants to make the Plaintiff whole by awarding her the position(s) she would have had occupied in the absence of race discrimination, back-pay (plus interest), punitive and compensatory damages and/or nominal damages, declaratory and injunctive relief, and benefits.

4. Award the Plaintiff such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

/s/ Richard J. Ebbinghouse
Richard J. Ebbinghouse
Counsel for the Plaintiff

OF COUNSEL:
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203
(205) 314-0500

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

/s/ Richard J. Ebbinghouse

**CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties, and I hereby certify that, to the best of my knowledge and belief, there are no non-CM/ECF participants to whom the foregoing is due to be mailed by way of the United States Postal Service.

/s/ Richard J. Ebbinghouse
Richard J. Ebbinghouse
Counsel for the Plaintiff