IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| LAURA JOHNSON-PRICE, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>ALABAMA DEPARTMENT OF )<br>HUMAN RESOURCES, et al., )<br>)<br>    Defendants. ) | CIVIL ACTION NO.<br>2:07cv568-MHT<br>(WO) |

OPINION AND ORDER

This matter is before the court on plaintiff Laura Johnson-Price's motion to strike the Bobby Cowart declaration and her alternative motion to amend the court order issued June 23, 2009, which granted the defendants' motion to submit the Cowart declaration. For the reasons that follow, the motions will be denied.

Johnson-Price contends that, because the court permitted the defendants to submit the Cowart declaration after the discovery deadline, see order (doc. no. 78), she did not receive "an opportunity to respond to this

evidence" and was substantively prejudiced as a result. Pl.'s Mot. at 3 (doc. no. 79). Johnson-Price relies on Fed. R. Civ. P. 37(c)(2), which states: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (3), the party is not allowed to use that information or witness ... unless the failure was substantially justified or is harmless."

The court is not convinced by Johnson-Price's argument. The Cowart declaration is cited repeatedly in the DHR defendants' brief for summary judgment, which was submitted April 20, 2009, well before the deadline for discovery had passed on June 22, 2009. The defendants' brief states: The Pickens County Board hired Black because Cowart, a board member, "was familiar with Tony Black's work ethic from working with him in the past when Black was with another employer. Cowart, therefore, spoke highly of him to the rest of the Board members .... For those reasons, the Board determined that Black was the most qualified of all candidates, including

2

Plaintiff, for the position." DHR Defs.' Br. at 63 (doc. no. 46).

It is clear that after reviewing this submission, Johnson-Price should have "noticed the deposition of Bobby Cowart or any other witness relating to the 1993 Pickens County decision." DHR Defs.' Reply Br. to Mot. at 5 (doc. no. 87). That she chose not to pursue the matter does not give rise to a finding of prejudice under Fed. R. Civ. P. 37(c)(1). See OFS Fitel, LLC v. Epstein, Becker and Green, P.C., 549 F.3d 1344, 1364-65 (11th Cir. 2008) (finding the late submission of the plaintiff's expert report was proper under Rule 37(c)(1), as the opposing party was constructively aware of the existence of the expert's testimony prior to the discovery deadline).

***

**Accordingly, it is ORDERED that plaintiff Laura Johnson-Price's motion to strike and alternative motion to amend (doc. no. 79) are denied.**

**DONE, this the 29th of March, 2010.**

        /s/ Myron H. Thompson
    **UNITED STATES DISTRICT JUDGE**