```
     IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

       MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


LAURA JOHNSON-PRICE,         )
                             )
     Plaintiff,              )
                             )    CIVIL ACTION NO.
     v.                      )     2:07cv568-MHT
                             )         (WO)
ALABAMA DEPARTMENT OF        )
HUMAN RESOURCES, et al.,     )
                             )
     Defendants.             )
```

OPINION AND ORDER

This matter is before the court on plaintiff Laura Johnson-Price's motion to conduct additional discovery, pursuant to Fed. R. Civ. P. 56(f).  For the following reasons, Johnson-Price's motion will be granted in part and denied in part.

This case arises from Johnson-Price's suit charging the Alabama Department of Human Resources (DHR) and DHR Commissioner Nancy Buckner with race discrimination and retaliation in respect to hiring and the terms and conditions of her employment, and the Alabama Personnel Department (SPD) and SPD Director Jackie Graham with race

discrimination in the allocation of promotions. She asserts each of these claims pursuant to 42 U.S.C. § 1981 (by and through 42 U.S.C. § 1983) and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981a, 2000e to 2000e-17.

At issue here is Johnson-Price's motion for leave to conduct additional discovery, pursuant to Fed. R. Civ. P. 56(f). The defendants contend that Johnson-Price's exhibits, submitted in support of her opposition to the defendants' motions for summary judgment, are improperly authenticated and constitute inadmissible hearsay. Johnson-Price requests that she be allowed to take additional depositions so as to sustain the admissibility of these exhibits. Specifically, she asks to depose previous DHR Regional Manager Mike Galloway, previous Director of the DHR Civil Rights/Equal Employment Office Sylvester Smith, DHR General Counsel Sharon Ficquette, and the Custodian of Records for the DHR and SPD, in order to obtain evidence controverting the defendants' claims of inadmissibility.

Rule 56(f) of the Fed. R. Civ. P. provides,

> "If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order."

As required by Fed. R. Civ. P. 56(f), Johnson-Price filed an affidavit in support of her motion. See 10B Wright, Miller & Kane, Federal Practice and Procedure § 2740 (3d ed. 1998) ("Under the rule a party who seeks the protection of subdivision (f) must state by affidavit the reasons why he is unable to present the necessary opposing material."). See also Barfield v. Brierton, 883 F.2d 923, 931 (11th Cir. 1989) ("A party requesting a continuance under this rule must present an affidavit containing specific facts explaining his failure to respond to the adverse party's motion for summary judgment"). In this affidavit, Johnson-Price claims that Galloway will be able to provide evidence that DHR County Director Erin Snowden was "critical of [her] history of

3

filing EEO complaints," pl.'s mot. at 2 (doc. no. 98), which may substantiate Johnson-Price's claims of unlawful retaliation.  She also maintains that the testimonies of both Smith and the Custodian of Records are necessary to address the defendants' recently raised objections to the plaintiff's exhibits, numbers 34 and 35, which Johnson-Price wishes to admit into evidence as authenticated DHR business records.  Finally, Johnson-Price requests the opportunity to depose defense witness Ficquette, as her declaration was submitted by the defendants after the close of the original discovery period.

In considering the requested relief, the court recognizes that "rule 56(f) is infused with a spirit of liberality," <u>Wallace v. Brownell Pontiac-GMC Company Inc.</u>, 703 F.2d 525, 527 (11th Cir. 1983), and the court has the discretion to overlook technical deficiencies if Johnson-Price presents compelling reasons for deposing Galloway, Sylvester, Ficquette, and the DHR Custodian of Records.

4

The court finds there are such compelling reasons to allow Johnson-Price to depose Galloway.  If Galloway does corroborate Johnson-Price's allegations, she may be able to overcome the defendants' motions for summary judgment and establish a genuine issue of material fact as to her retaliation claims.  However, as to Johnson-Price's other discovery requests, even presuming the admissibility of the aforementioned exhibits, she has failed to show "a genuine issue for trial."  Fed. R. Civ. P. 56(e).  In other words, neither Ficquette's testimony nor the admission of exhibits 34 and 35 will materially augment her allegations of racial discrimination or make a substantive difference in the analysis of the merits of the suit.  Consequently, Johnson-Price's motion to conduct additional discovery pursuant to Fed. R. Civ. P. 56(f) is granted only to the extent that she may conduct a deposition of Galloway.  All other requests for additional discovery are denied.

* * *

**Accordingly, it is ORDERED that plaintiff Laura Johnson-Price's motion for additional discovery (doc. no. 98) is granted as to the deposition of Mike Galloway and is denied as to all other requests.**

**DONE, this the 29th day of March, 2010.**

                                           /s/ Myron H. Thompson
                                   **UNITED STATES DISTRICT JUDGE**