IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| LAURA JOHNSON-PRICE CLEMONS, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | 2:07cv568-MHT (WO) |
| ALABAMA DEPARTMENT OF HUMAN RESOURCES and NANCY T. BUCKNER | ) ) ) ) | |
| Defendants. | ) | |

OPINION AND ORDER

This individual *Crum* case has been winnowed down to one issue: plaintiff Laura Johnson-Price Clemons claims that defendants Alabama Department of Human Resources (DHR) and DHR Commissioner Nancy T. Buckner retaliated against her in her employment, in violation of 42 U.S.C. § 1981 (by and through 42 U.S.C. § 1983) and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981a, 2000e to 2000e-17. This court has original jurisdiction over the claim under 42 U.S.C.

§ 2000e-5(f)(3) (as to Title VII) and under U.S.C. § 1343 (as to § 1981). The court has before it the defendants' renewed motion to strike jury demand and requests for compensatory and punitive damages. For reasons that file, the motion will be granted.

Context is critical to addressing the pending motion to strike. And, by context, the court means the events and understandings that led to the creation of this case. This case is one of the last two spin-offs of *Crum et al v. State of Alabama,* consolidated as *In re Employment Discrimination Litigation Against the State of Alabama*, civil action no. 94-354-N, otherwise known as the *Crum* litigation. The court created this case and numerous other *Crum* spin-off cases for purely administrative reasons, that is, for "judicial management *only*." Order (doc. no. 1) (emphasis added). The court set up these individual cases, with separate numbers and separate dockets for filings, so that the individual-case filings would not get caught up in the continuing flurry of filings in the main *Crum*

litigation. In line with this management aim, the court also allowed the parties to go through a process by which to cull unnecessary parties and clarify claims.

However, because the reason for this whole process was purely administrative, the court did not want any party (plaintiff or defendant) to enjoy any procedural or substantive advantage, or suffer any procedural or substantive disadvantage, as a result. The individual cases, therefore, carried with them, all that had occurred (filings, orders, understandings, etc.) in the *Crum* litigation. What occurred in the *Crum* litigation remained binding in the individual spin-off cases. What was filed in the individual spin-off cases would be considered as if it had been filed in the *Crum* litigation. The constraints of *Crum* still applied. Hence, the word spin-off cases.

This was an advantage for the individual plaintiffs, for they would not be required to file completely separate and new lawsuits, totally unrelated

to the *Crum* litigation, and possibly confront time-barring defenses to their claims.  Moreover, because the individual cases were mere extensions of *Crum*, no new-case filing fees were required.  And it was an advantage to the defendants, for they could continue to enjoy the benefits of the orders and agreements reached in the *Crum* litigation.  To be sure, class certification was denied in the *Crum* litigation, and that litigation has now been dismissed and terminated; however, that does not make a difference in this case.  There were carrots for both plaintiffs and defendants in agreeing to this spin-off case process; and there were no sticks, explicit or hidden.

It is against this background, in this context, that the defendants' motion to strike must be considered.

Here, Clemons knew, when she sought to intervene in the *Crum* litigation, that that litigation was restricted to injunctive relief; the *Crum* plaintiffs had abandoned jury trial as well as compensatory and

punitive damages. Indeed, notably, Clemons's complain-in-intervention sought only injunctive relief, in conformity with the *Crum* litigation's restrictions, and with what she understood were the litigation's limits. Moreover, she expressly stated in a deposition that she was limiting her complaint-in-intervention to injunctive relief. Moreover, the court itself relied on these understandings in allowing intervention.

Whether the doctrine relied upon is equitable estoppel or waiver, the principle of fairness that drives both doctrines dictates that Clemons not be allowed to pursue, at this time, the jury trial and the request for compensatory and punitive damages she forsook when she sought, and was allowed to, intervene in the *Crum* litigation.

\*\*\*

Accordingly, it is ORDERED that defendants' renewed motion to strike jury demand and requests for

compensatory and punitive damages (doc. no. 135) is granted.

DONE, this the 14th day of January, 2020.

                      /s/ Myron H. Thompson
                      UNITED STATES DISTRICT JUDGE