# IN THE DISTRICT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| LAURA JOHNSON-PRICE CLEMONS, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | 2:07cv568-MHT (WO) |
| ALABAMA DEPARTMENT OF HUMAN RESOURCES and NANCY T. BUCKNER, | ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This case is one of the last two spin-offs of *Crum et al. v. State of Alabama,* consolidated as *In re Employment Discrimination Litigation Against the State of Alabama*, civil action no. 94-354-N, otherwise known as the *Crum* litigation. *See Clemons v. Alabama Dep't of Human Res.*, 2020 WL 224336, at *1 (M.D. Ala. 2020). There is only one claim left in this individual *Crum* case: plaintiff Laura Johnson-Price Clemons's claim that defendants Alabama Department of Human Resources

(DHR) and DHR Commissioner Nancy T. Buckner retaliated against her in her employment, in violation of 42 U.S.C. § 1981 (by and through 42 U.S.C. § 1983) and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981a, 2000e to 2000e-17.[1] *See id.* This court has original jurisdiction over the claim under 42 U.S.C. § 2000e-5(f)(3) (as to Title VII) and under U.S.C. § 1343 (as to § 1981). The court has before it defendants' renewed motion for summary judgment in their favor on the retaliation claim. For reasons that file, the motion will be denied.

Because this court previously set forth the standard for resolution of a summary-judgment motion, *see Johnson-Price v. Alabama Dep't of Human Res.*, 2010 WL 1268095, at *1 (M.D. Ala. 2010), as well as the

---

[1]. Of course, Clemons's § 1981 claim (as enforced through § 1983) is against only Buckner in her personal capacity, for DHR, as a state entity, enjoys Eleventh Amendment immunity from a § 1983 claim. And her Title VII claim against Buckner is redundant, for DHR is an adequate defendant for the Title VII claim. Moreover, since Clemons seeks only injunctive relief, *see Clemons*, 2020 WL 224336, at *1-2, it is arguable that her § 1983 claim is redundant.

2

standard for addressing a retaliation claim, *see id.* at *8, the standards will not be repeated.  Because the court has also already set forth Clemons's allegations in this litigation, *see id.* at *1-4, they will not be noted again except where relevant.

Clemons contends that defendants impermissibly retaliated against her on two occasions:  First, she asserts that DHR, acting through Erin Snowden, retaliated against her by delaying her appointment to the position of Assistant Director of Calhoun County. *See id.* at 8. Second, she contends that Snowden subjected her to retaliatory treatment after she accepted the position of Assistant Director.  *See id.* This claim presents the initial and principal issue of whether there is admissible evidence, direct or circumstantial, that decision-maker Snowden impermissibly retaliated against Clemons because she had made complaints of discrimination.  In addressing the matter of causality, Clemons relies mainly upon a chronology drafted by DHR Regional Manager Mike

Galloway as evidence that Snowden did not want to promote Clemons because of her prior EEO activity. In this chronology, Galloway summarizes the hiring process for the Calhoun County Assistant Director position and notes that Snowden "was critical of [Clemons's] history of filing EEO complaints" and did "not want to offer [Clemons] the position." Pl.'s Ex. 6 (doc. no. 64). Galloway's statement, if reliable and believable, is clear evidence that Snowden not only knew of Clemons's protected activity, but was explicitly biased and willing to take direct action in retaliation against her for them.

The critical question, however, is whether Galloway's statement is admissible evidence. *See Macuba v. DeBoer,* 193 F.3d 1316, 1323 (11th Cir. 1999) ("The general rule is that inadmissible hearsay cannot be considered on a motion for summary judgment.") (citation and quotation marks omitted). The court agrees with Clemons that the statement is admissible. The parties were able to take the deposition of

Galloway about the statement, and there is no question that he made the statement as part of his investigation.  While there is also no question that he no longer remembers the statement, the court agrees with Clemons that the statement is admissible pursuant to Rule 803(5) of the Federal Rules of Evidence, which provides that a statement is "not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness," if the statement is a "Recorded Recollection," that is, is "A record that: (A) is on a matter the witness once knew about but now cannot recall well enough to testify fully and accurately; (B) was made or adopted by the witness when the matter was fresh in the witness's memory; and (C) accurately reflects the witness's knowledge."  In other words, in order for a document to be admitted under Rule 803(5), it must relate to matters about which the witness once had knowledge; the witness must now have insufficient recollection; and the document must have been made by the witness while information

was fresh in the witness's mind. *See* 2 K. Broun, *McCormick On Evid.* §§ 279-283 *(8th ed.).* Here, the court finds that Clemons has satisfied these requirements for the purpose of admissibility.

To be sure, relying on all the circumstances surrounding Galloway's inclusion of the statement in his memorandum, defendants take issue with the reliability and credibility of Galloway's statement. More specifically, they question the reliability of Galloway's memory both at the time Snowden allegedly made the comment and at the time Galloway recorded the alleged comment. The court in allowing the admissibility of the statement is not saying that Galloway's statement is sufficiently reliable and credible to be true. That is an ultimate issue for the factfinder, and, indeed, all the arguments that defendants have put forward may still be put to the factfinder, to convince the factfinder to reject the statement--and the factfinder may very well still find the statement not credible.

6

Defendants also take issue with whether Clemons's complaints about discrimination are sufficiently close to the alleged retaliatory action. Proximity is merely one means of showing causation; it is not always required. Thus, the issue of proximity might be of concern if all that Clemons had at hand to make out a circumstantial case was the proximity between her complaints and the alleged retaliatory actions. But this is not the case here. The court also has before it Snowden's alleged comment, which goes directly to whether Snowden harbored a retaliatory bias against Clemons about her past complaints. *See Gary v. Hale*, 212 F. App'x 952, 958 n.3 (11th Cir. 2007) ("where evidence of the decision-maker's awareness is otherwise lacking in a case, a close temporal proximity between the protected activity and the adverse action might sometimes serve as circumstantial evidence, thereby creating the inference that the decision-maker was aware of the protected activity").

Defendants also question whether Clemons suffered an employee action that would be violative of Title VII. It is important that Snowden's actions against Clemons be viewed cumulatively, and not in isolation. If the above alleged comment recorded by Galloway is credible, it appears, from the recitation of the alleged facts in the court's earlier opinion, *see Johnson-Price*, 2010 WL 1268095, at *1-4, that Snowden harbored a basis against Clemons before and during the entire time Clemons worked with Snowden--it was an ongoing bias. It is important that Snowden's actions against Clemons be viewed cumulatively, therefore, and not in isolation. Together the actions would be the type that "would likely have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 60 (2006) (quoting *Washington v. Illinois Dept. of Revenue,* 420 F.3d 658, 662 (7th Cir. 2005)).

Finally, the parties agree that Clemons engaged in protected conduct: the filing of discrimination charges.[2]

***

Accordingly, it is ORDERED that defendants' renewed motion for summary judgment (doc. no. 132) is denied. A trial date on the retaliation claim will be set.

DONE, this the 22nd day of January, 2020.

                                      /s/ Myron H. Thompson
                                      UNITED STATES DISTRICT JUDGE

---

2. Clemons asks that summary judgment be entered in her favor on her retaliation claim. But she has not filed a motion for such.